# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-50736
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER HUMBERTO MALDONADO-CARMONA, also known as Javier Humberto Carmona-Maldonado,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-242-3

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Javier Humberto Maldonado-Carmona appeals his 180-month, within-guidelines sentence imposed following his guilty-plea convictions for conspiracy to possess methamphetamine with intent to distribute and possession with intent to distribute 500 grams or more of methamphetamine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50736

He asserts that his sentence is substantively unreasonable and greater than necessary to meet the goals of 18 U.S.C. § 3553(a).

Maldonado-Carmona first contends that, although he failed to object to the reasonableness of his sentence in the district court, the proper standard of review is abuse of discretion, not plain error. He acknowledges that this argument is foreclosed. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Accordingly, we review here for plain error.

Maldonado-Carmona next contends that the presumption of reasonableness of his within-guidelines sentence should not apply because the drug-trafficking guideline is not based on empirical evidence. He acknowledges that this argument is foreclosed as well. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Finally, Maldonado-Carmona contends that his sentence does not accurately reflect his personal history and circumstances, including his education, work history, and lack of criminal history. The district court considered Maldonado-Carmona's request for a lenient sentence and ultimately determined that a sentence within the advisory guidelines range was appropriate under the circumstances and the § 3553(a) factors. His arguments that the sentence imposed does not adequately take into account his personal history and characteristics are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). Therefore, Maldonado-Carmona has failed to show that his sentence is substantively unreasonable, and there is no reversible plain error.

AFFIRMED.